IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARY LOU BAILEY**, | : | CIVIL ACTION |
|         **Plaintiff** | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| **J.B. HUNT TRANSPORT, INC. et al.,** | : | |
|         **Defendants** | : | No. 06-240 |

Gene E.K. Pratter, J.           Memorandum and Order           March 8, 2007

      Plaintiff Mary Lou Bailey has moved, for the second time, to remand this case to the Court of Common Pleas of Northampton County. Defendants removed this action to this Court based on the diversity of citizenship of the parties and because the amount in controversy allegedly exceeds $75,000. Plaintiff moved to remand, arguing that this case was improperly removed because the amount in controversy has not been met, and, therefore, should be remanded. In addition, Defendants filed a Motion for Sanctions.

      For the reasons stated below, both of these motions will be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

      The factual and procedural background of this case is somewhat complicated. For starters, the parties' respective residences and place of business, and the events giving rise to this dispute, nearly span the farthest reaches of continental United States. In addition, Plaintiff filed two identical lawsuits against the Defendants, approximately two months apart, the first in state court in Connecticut and the second in state court in Pennsylvania.

      When the incident giving rise to this dispute occurred, Ms. Bailey resided in Bethlehem, Pennsylvania. At the time she filed her two complaints, however, Ms. Bailey was a resident of

Peoria, Arizona.  At all pertinent times, Defendant Jack William Wright has resided in Oklahoma City, Oklahoma.  Defendant J.B. Hunt Transport, Inc. ("J.B. Hunt") is a Georgia corporation with its principal place of business located in Lowell, Arkansas.  This lawsuit arises out of an automobile accident that occurred in Manchester, Connecticut.

Ms. Bailey asserts that on or about November 7, 2003, as she was driving in a 1993 Toyota eastbound on Interstate 84 in Manchester, Connecticut, her car was struck by a vehicle driven by Mr. Wright.  Mr. Wright was also traveling eastbound and allegedly left his lane of traffic without warning, striking Ms. Bailey's vehicle.  Mr. Wright was driving a vehicle owned by his employer, J.B. Hunt, and was acting on behalf of J.B. Hunt at the time.

Ms. Bailey filed her first complaint against Mr. Wright and J.B. Hunt on or about November 2, 2005 in the Superior Court in Connecticut (the "Connecticut Complaint").  In that complaint, Ms. Bailey asserted that she sustained serious personal injuries to her right shoulder and incurred substantial medical expenses for shoulder surgery, physical therapy, and various other medical procedures.  Conn. Compl. ¶¶ 8-9.  Ms. Bailey demanded "judgment and money damages" against the Defendants.  Id. at 5.  In the "Statement of Amount in Demand," filed with her Connecticut Complaint, Ms. Bailey stated that "[t]he amount, legal interest or property in demand is in excess of $15,000.00, exclusive of interest and costs."  Statement of Amount in Demand.

On November 30, 2005, Defendants removed the Connecticut Complaint to the United States District Court for the District of Connecticut.  Ms. Bailey did not oppose removal in the Connection action.  Subsequently, in the Connecticut action, the parties submitted a joint report pursuant to Rule 26(f) of the Federal Rule of Civil Procedure, outlining, among other things, the

basis for federal jurisdiction[1] and asserting that the parties were in the process of negotiating transferring the case from Connecticut to Pennsylvania. The Defendants filed an Answer to the Connecticut Complaint on January 24, 2006.

In the interim, on or about January 6, 2006, Ms. Bailey filed another one-count complaint concerning the accident in the Court of Common Pleas for Northampton County (the "Pennsylvania Complaint").[2] In this complaint, Ms. Bailey alleges that the negligence of both Defendants caused her various injuries, including various, sundry, and permanent medical injuries to her right shoulder, requiring surgery, and trauma to numerous other parts of her body. Pa. Compl. ¶ 9. Ms. Bailey sustained "expenses for medical treatment," "great bodily pain and suffering as well as inconvenience, emotional distress, and nervousness," "interruption, interference, and impediments in engaging in her daily habits and pursuits," and a "loss of life's pleasures to her pecuniary detriment and loss." Pa. Compl. ¶¶ 10-12. Ms. Bailey demands judgment against the Defendants "in an amount in excess of local arbitration limits, but less than $75,000, together with an award of costs and whatever additional relief the court deems appropriate." Pa. Compl. at 4.

The Defendants removed the Pennsylvania action to this Court on January 18, 2006. In the Notice of Removal, the Defendants asserted that the federal court may exercise jurisdiction over the claim because the parties are diverse and the amount in controversy exceeds $75,000

---

[1] The Rule 26 Report includes a "Statement of Undisputed Facts" in which the parties appear to agree that there is complete diversity and "therefore there is jurisdiction" in the District of Connecticut. Conn. Rule 26(f) Report.

[2] According to the Defendants, the Pennsylvania action was initiated by Praecipe for Writ of Summons filed on November 2, 2005. Like the Connecticut action, the Pennsylvania action was commenced prior to the second anniversary of the accident.

exclusive of interest and costs.  Ms. Bailey filed a Motion to Remand the case to the Court of Common Pleas of Northampton County.  In her motion, Ms. Bailey argued that the Court may not exercise jurisdiction over the claim because the reasonable value of her claim does not exceed $75,000, and there is no alternative basis for federal jurisdiction.

On March 16, 2006, the parties filed in the District of Connecticut a "Motion to Transfer (By Consent)," noting that "[a]n identical action . . . is pending before the Honorable Gene E.K. Pratter," which "involves the same parties and arises out of the same automobile accident and is identical in all other aspects to this instant case."  Conn. Mot. Transfer 1-2.

On April 5, 2006, having been advised of the existence of the Connecticut action and the parties' consent to transfer that case here, the Court denied Ms. Bailey's remand motion "without prejudice, pending the transfer, receipt and review" of the Connecticut action  (Docket No. 8).  The District Court in Connecticut granted the joint motion to transfer and, on or about April 18, 2006, this Court received the file from the Connecticut action, and issued an Order consolidating the two cases under Civil Action No. 06-240 (Docket No. 9).

Thereafter, on September 19, 2006, Ms. Bailey filed a second Motion to Remand (Docket No. 10).  In her second motion, Ms. Bailey refers only to the Pennsylvania Complaint, and argues that remand is mandated because the amount in controversy, as delineated in the Pennsylvania Complaint, does not exceed $75,000.  Defendants filed a Brief in Opposition (Docket No. 12), in which they argue that Ms. Bailey's second motion to remand refers only to the Pennsylvania Complaint and includes no new evidence in support of a remand, and that a fair reading of Ms. Bailey's pleadings indicate that the amount of controversy exceeds the federal jurisdictional limit of $75,000.

**DISCUSSION**

If a court determines that it lacks subject matter jurisdiction over a case, the United States Constitution provides no authority to decide the case on the merits, and the case must be remanded without prejudice. Hayfield v. Home Depot U.S.A., Inc., 168 F. Supp. 2d 436, 445 (E.D. Pa. 2001). Subject matter jurisdiction grounded on the diversity of citizenship of the parties requires that the plaintiff and defendant be citizens of different states and that the amount in controversy between the parties exceed $75,000. 28 U.S.C. § 1332(a).[3] The defendant removing a case to federal court bears the burden of establishing that subject matter jurisdiction is proper. Luhan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992); Morgan v. Gay, 471 F.3d 469, 474 (3d Cir. 2006); Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 222 (3d Cir. 1999).[4]

In the Third Circuit, where the relevant facts are not in dispute or findings of fact have been made,[5] district courts assessing whether the amount in controversy allows for federal

---

[3] This statutory requirement applies to diversity cases that have been removed from state to federal court, as well as those originally filed in federal court. Samuel-Bassett v. Kia Motors of Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). The parties in this case do not dispute that diversity of citizenship between the parties exists. They only dispute the amount in controversy requirement.

[4] A defendant seeking to remove a complaint must "overcome a strong presumption that federal jurisdiction does not exist." Mercante v. Preston Trucking Co., Inc., No. 96-5904, 1997 WL 230826, at * 1 (E.D. Pa. May 1, 1997) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290 (1938)); see also Samuel-Bassett, 357 F.2d at 396 ("28 U.S.C. § 1441 is to be strictly construed against removal, so that the Congressional intent to restrict federal diversity jurisdiction is honored").

[5] Where disputes over factual matters may be involved, the party alleging jurisdiction must justify such allegations by a preponderance of the evidence. Samuel-Bassett, 357 F.3d at 397. Moreover, the Samuel-Bassett court has cautioned that "[a] pretrial ruling on jurisdictional facts should not be made if it constitutes a decision on the merits." Id. at 398 n .3.

5

jurisdiction are instructed to determine whether it is apparent, to a "legal certainty," that a plaintiff cannot recover the jurisdictional amount. Samuel-Bassett, 357 F.3d at 397.[6]  As a matter of pleading, it is clear that "plaintiffs may limit their claims to avoid federal subject matter jurisdiction," by suing for less than the jurisdictional amount. Morgan, 471 F.3d at, 474 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294 (1938) ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.")).[7]  There is a broad good faith requirement in a plaintiff's complaint with respect to the amount in controversy. Id. (citing Red Cab, 303 U.S. at 288; Golden v. Golden, 382 F.3d 348, 354-55 (3d Cir. 2004)). "Good faith" is entwined with the "legal certainty" test, so that a defendant will be able to remove the case to federal court by "show[ing] to a legal certainty that the amount in controversy exceeds the statutory minimum[.]" Id. (quoting Samuel-Bassett, 357 F.3d at 398).

In considering whether the amount in controversy of a particular dispute exceeds the

---

[6] In Samuel-Bassett, the court of appeals acknowledged that requiring a defendant to show to a legal certainty that the amount in controversy exceeds the statutory minimum may lead to somewhat bizarre situations, and cited the following "comic scene": "plaintiff's personal injury lawyer protests up and down that his client's injuries are as minor and insignificant as can be, while attorneys for the [defendant] paint a sob story about how plaintiff's life has been wrecked. It would not be a surprise that when the time came for assessment of damages the parties would once again switch their views by some 180 degrees." Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 398 (3d Cir. 2004) (citing Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir. 1993).

[7] Plaintiff Bailey states that it she is willing to formally stipulate that damages in this matter are less than $75,000.  However, it is clear that a plaintiff may not, after removal, defeat federal jurisdiction by amending his or her pleadings or filing a stipulation to reduce the amount of damages originally sought. See Red Cab, 303 U.S. at 290; Angus v. Shiley, Inc., 989 F.2d 142, 145 (3d Cir. 1993).

jurisdictional minimum, a court should begin its assessment of the amount in controversy by looking to the complaint. Red Cab, 303 U.S. at 292; Angus v. Shiley, Inc., 989 F.2d 142, 145 (3d Cir. 1993). If the amount in controversy cannot clearly be assessed from the complaint, the court should look to "the facts alleged in the defendant's notice of removal or to proofs offered in support of jurisdiction once it has been called into question." Int'l Fleet Auto Sales, Inc. v. National Auto Credit, No. 97-1675, 1999 WL 95258, at *3 (E.D. Pa. Feb. 22, 1999). A complaint seeking an open-ended amount of damages may prompt an independent appraisal by the court for "a reasonable reading of the value of the rights being litigated." Angus, 989 F.2d at 146. The court must assess the claims that are made and attempt to translate those claims in to monetary sums. Samuel-Bassett, 357 F.3d at 398-99. If, after reviewing the pertinent documents, a court concludes that the amount claimed in the complaint, at the time that the complaint was filed, will not exceed the jurisdictional minimum, then remand is appropriate. See Meritcare, 166 F.3d at 217.

In Morgan v. Gay, the Court of Appeals for the Third Circuit effectively resolved a split among district courts in this Circuit as to whether the correct legal inquiry was that a case must be remanded if it appears to a legal certainty that the plaintiff *cannot* recover more than the jurisdictional limit of $75,000, or whether the rule requires the removing defendant to prove to a legal certainty that the plaintiff *can* recover $75,000 or more. Morgan, 471 F.3d at 474-75; compare Valley v. State Farm Fire & Cas. Co., No. 06-CV-4351, 2005 U.S. Dist. LEXIS 90376, at *7 (E.D. Pa. Feb. 24, 2006) (finding that the Samuel-Basset and Red Cab "legal certainty" tests do not require the defendant to prove the jurisdictional amount to a legal certainty in order to remain in federal court) with Kleiss v. Granite Run Mall, No. 06-CV-374, 2006 U.S. Dist.

LEXIS 8917, at *6 (E.D. Pa. Mar. 7, 2006) (stating that "defendants must show to a legal certainty that the amount in controversy exceeds the statutory minimum"). In <u>Morgan</u>, the court of appeals adopted three instructions to aid the court in resolving this issue:

> 1) The party wishing to establish subject matter jurisdiction has the burden to prove to a legal certainty that the amount in controversy exceeds the statutory threshold; 2) A plaintiff, if permitted by state laws, may limit her monetary claims to avoid the amount in controversy threshold; and 3) Even if a plaintiff states that her claims fall below the threshold, [the court] must look to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not.

<u>Morgan</u>, 471 F.3d at 474-75.[8]  Apropos of the instant dispute, the court of appeals noted that "[k]ey to the present matter is that the plaintiff's pleadings are not dispositive under the legal

---

[8] In <u>Morgan</u>, the court of appeals interpreted certain provisions of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005) (codified in scattered sections of 28 U.S.C.). In <u>Morgan</u>, after the defendants removed the case from state court to the district court, the plaintiff moved to remand to state court. That motion was granted and the court of appeals affirmed. It held that the "district court properly placed the burden of proof on the defendants to establish federal subject matter jurisdiction under CAFA, and appropriately determined that the defendants failed to prove that the plaintiff's claims exceeded CAFA's amount in controversy requirement of $ 5 million." <u>Morgan</u>, 471 F.3d at 471. The court of appeals declined to shift the burden to the party seeking remand, and followed the courts of appeals in the Seventh, Ninth and Eleventh Circuits in holding that the burden remains with the party seeking removal. See <u>Brill v. Countrywide Home Loans, Inc.</u>, 427 F.3d 446, 448 (7th Cir. 2005) (noting that the "rule that the proponent of federal jurisdiction bears the risk of non-persuasion has been around for a long time," and that CAFA did not shift the burden of proof to the party seeking remand); <u>Abrego v. Dow Chem. Co.</u>, 443 F.3d 676, 678 (9th Cir. 2006) (per curiam) (holding that CAFA did not shift to the plaintiff the burden of establishing that there is no removal jurisdiction in federal court and that the defendant did not meet its burden); <u>Miedema v. Maytag Corp.</u>, 450 F.3d 1322, 1332 (11th Cir. 2006) (holding that in resolving the issue of subject matter jurisdiction, the district court properly placed the burden of proof on the removing party, and did not err by applying the principle that doubts about jurisdiction are to be resolved in favor of remand). The court of appeals saw "no reason to create an exception for CAFA to the well-settled practice in removal actions," and accordingly, under CAFA, "the party seeking to remove the case to federal court bears the burden to establish that the amount in controversy requirement is satisfied." <u>Morgan</u>, 471 F.3d at 473. Although <u>Morgan</u> arises in the context of determining the burden under CAFA, the Court finds the court of appeals' analysis to be instructive outside and beyond CAFA as well.

certainty test," and that the court's "task is to examine not just the dollar figure offered by the plaintiff but also her actual legal claims." Id. at 475.

Thus, on the strength of Morgan, if the case at bar involved only the Pennsylvania action, the appropriateness of remand would not be difficult to see. However, this case becomes more complicated because Ms. Bailey has filed two separate complaints, each with a distinct ad damnum clause. As noted above, the Pennsylvania Complaint states that Ms. Bailey demands a judgment "in an amount in excess of local arbitration limits" (which is $50,000),[9] "but less than $75,000, together with an award of costs and whatever additional relief the court deems appropriate." In the Connecticut Complaint, Ms. Bailey seeks only judgment and money damages "in excess of $15,000."

One need not be especially clever to see that Ms. Bailey's Pennsylvania Complaint was drafted to dodge the Pennsylvania state court's compulsory arbitration limit of $50,000, while also avoiding the federal amount in controversy requirement of $75,000. Defendants argue, however, that a fair reading of the Pennsylvania Complaint indicates that the claims set forth clearly exceed the $75,000 jurisdictional minimum. The Court disagrees with the Defendants on this point. Assuming compliance with good faith obligations and counsel's ethical obligations, a

---

[9] Under Pennsylvania law, matters in which the amount in controversy is less that $50,000, may be automatically referred to arbitration. 42 Pa. Cons. Stat. § 7361. In Northampton County, where Ms. Bailey's Pennsylvania Complaint was originally filed, the local rules of civil procedure contain a compulsory arbitration rule that requires any civil matter (excluding those involving title to real estate), where the amount in controversy is less than $50,000, to be referred to arbitration. Northampton County, Pa., R. Civ. P. N1301 (eff. Mar. 1, 1993). Further, the Pennsylvania Rules of Civil Procedure require the plaintiff, in counties having rules governing compulsory arbitration, to "state whether the amount claimed does or does not exceed the jurisdictional amount requiring arbitration referral by local rule." Pa. R. Civ. P. 1021(c).

plaintiff is entitled to tailor her complaint so as to avoid compulsory arbitration in state court while also avoiding federal diversity jurisdiction.[10] By stating that she seeks an amount in excess of $50,000, but less than, $75,000, Ms. Bailey has done precisely that. When a plaintiff specifically seeks an amount "less than $75,000," it would defy common sense to conclude that, by choosing those precise words, Plaintiff actually seeks "more than $75,000." Absent bad faith on the part of the Plaintiff, which has not been alleged here, the Court finds that, with respect to the Pennsylvania Complaint, Ms. Bailey has not pleaded the jurisdictional minimum and, therefore, jurisdiction in this Court is lacking.

However, that does not end the Court's inquiry. In this case, it is Defendants' burden to prove to a legal certainty that the amount in controversy exceeds $75,000. Morgan, 471 F.3d at 474-75. In the Connecticut action, Ms. Bailey did not limit her monetary claims to avoid the amount in controversy threshold. Thus, the Court "must look to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff

---

[10] However, in Morgan, the court of appeals cautioned that "the plaintiffs in state court should not be permitted to ostensibly limit their damages to avoid federal court only to receive an award in excess of the federal amount in controversy requirement." Morgan, 471 F.3d at 477. The court of appeals noted that Federal Rule of Procedure 54(c), as well as the state analogues with similar language, provide that a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even though the party has not demanded such relief in the pleadings. Id. at 476; see also Fed. R. Civ. P. 54(c). The court of appeals approvingly cited the decision by the Court of Appeals for the Fifth Circuit in De Aguilar v. Boeing Co., 47 F.3d 1404, 1410 (5th Cir. 1995), in which the court stated

> These new rules have created the potential for abusive manipulations by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleadings. Such manipulation is surely characterized as bad faith.

Morgan, 471 F.3d at 477 n.8 (quoting De Aguilar, 47 F.3d at 1410).

states that the demands do not." Id. The Court must examine Ms. Bailey's "actual legal claims." Id. In addition, because Ms. Bailey did not quantify her claims by providing exact dollar amounts (other than claiming damages "in excess of $15,000"), the Court can make "an independent appraisal of the value of the claim." Angus, 989 F.2d at 146.

Ms. Bailey's Connecticut Complaint, which has been "consolidated" with the Pennsylvania Complaint, contains an open-ended ad damnum clause. In the Connecticut action, Ms. Bailey's seeks money damages "in excess of $15,000" to compensate her for a shoulder injury and surgery, among other medical treatments. The Defendants argue that the nature of the injuries Ms. Bailey asserts she suffered would certainly aggregate to an amount exceeding $75,000. Defendants point out that Ms. Bailey did not oppose removal of the Connecticut action to the District of Connecticut and consented to have the claim transferred to this Court. Thus, the Defendants argue that Ms. Bailey has effectively "consented" to federal jurisdiction.

In her Connecticut Complaint, Ms. Bailey alleges that Mr. Wright violated Section 12-218a of the Connecticut General Statutes by traveling at a "greater rate of speed than was reasonable," and violated Section 14-236, by failing to yield the right-of-way in a multiple-lane highway. Conn. Compl. ¶ 7. Ms. Bailey describes Mr. Wight's conduct as "negligent" and "careless." See id. ¶ 7- 8. Accordingly, if Ms. Bailey is successful in proving to a trier of fact that the Defendants' actions caused her injuries, she would be entitled to compensatory damages. However, Ms. Bailey has not alleged in the Connecticut Complaint (or, incidentally, in the Pennsylvania Complaint), that the Defendants' conduct was deliberate or reckless. Accordingly, it does not appear that Ms. Bailey would be entitled to punitive damages, in the form of double or

treble damages, under Connecticut law.[11]

Nothing in Ms. Bailey's Connecticut pleadings preclude her from recovering in excess of $75,000, and the description of the injuries she has suffered and the expenses she has incurred indicate that she may well be seeking more than that amount. Ms. Bailey's Connecticut Complaint alleges that she suffered "serious injuries and losses," which she describes "serious personal injuries which caused or contributed to a right shoulder injury which was diagnosed as a partial thickness tear of the subraspinatus tendon of the right shoulder, right shoulder subacromial impingement syndrome and bursitis and trauma to numerous other parts of her

---

[11] The pertinent Connecticut law states that in "any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property." Conn. Gen. Stat. § 14-295. Although there a split of authority in Connecticut regarding the specificity of pleading required in order to claim double or treble damages under Section 14-295, the "majority view" is that a plaintiff, in addition to alleging facts constituting negligence, need only make the general allegations mentioned in Section 14-295, i.e., that the defendant has deliberately or with reckless disregard violated one of the enumerated statutes, and that the violation was a substantial factor in causing the plaintiff's injuries. See Mathews v. Nunez, No. CV054004169S, 2006 Conn. Super. LEXIS 2749, at *6 (Conn. Super. Ct. Sept. 13, 2006) (unreported) (adopting the "majority view" and denying defendant's motion to strike because plaintiff's complaint tracked the language of Section 14-295); Mastri v. Yaylagul, No. CV040411385, 2005 Conn. Super. LEXIS 1618, at *2-3 (Conn. Super. Ct. May 24, 2005) (adopting "majority view" and denying defendant's motion to strike where plaintiff's complaint had alleged that the defendant was "reckless" in that he violated Section 14-218a and that plaintiff's injuries were caused by the defendant's reckless and intentional actions); Jossick v. Carolan, No. CV000340109S, 2001 Conn. Super. LEXIS 2180, at *6-7 (Conn. Super. Ct. Aug. 2, 2001) (unreported) (finding the "majority view" persuasive, denying defendant's motion to strike because the complaint alleged that the driver operated the vehicle in a "reckless" manner); Donahue v. Thomas, No. CV00161182S, 2001 Conn. Super. LEXIS 579, at *6-8 (Conn. Super. Ct. Feb. 28, 2001) (unreported) (adopting the "majority view" and denying defendant's motion to strike because plaintiff's complaint alleged that the plaintiff's injuries were caused by the "recklessness of the defendant," and that defendant's statutory violation was a "substantial factor" in causing her injuries and losses).

body." Conn. Compl. ¶¶ 6, 8.  Further, she claims that she was "forced to incur substantial medical expenses for rotator cuff surgery, right shoulder athoscopy, open subacrominal decompression, physician care, physical therapy, prescriptions, x-rays, an MRI, and other medical services, all to her great loss and detriment."  Id. ¶ 9.  Finally, Ms. Bailey claims that, due to the aforementioned injuries, which is likely to result in "some degree of permanent injury," her "ability to enjoy many of life's activities" may be "permanently impair[ed]."  Id. ¶ 10.[12]

The Court notes that neither party has attached any documentary evidence to the two complaints, two notices of removal, or two motions to remand that have been filed in this action or in the Connecticut action prior to its transfer here that would assist the Court in determining the actual amount in controversy.  Likewise, neither party has filed an affidavit stating the reasons that it believes that Ms. Bailey's claim should or should not be valued at greater than $75,000.

Furthermore, the Court of Appeals for the Third Circuit has stated that, in assessing the amount in controversy, courts must begin by reviewing the complaint.  See Samuel-Bassett, 357 F.3d at 398.  In this case, where Ms. Bailey has filed two complaints, the Court is compelled to attach particular import to the complaint that Ms. Bailey filed first, namely, the Connecticut

---

[12] Ms. Bailey claims similar injuries and expenses in the Pennsylvania action.  Ms. Bailey's Pennsylvania Complaint allege that she "sustained various and sundry medical injuries, some or all of which may be permanent, including injuries to her right shoulder, requiring surgery, and trauma to numerous other parts of her body." Pa. Compl. ¶ 9.  In addition, she states that she has sustained "expenses for medical treatment," "great bodily pain and suffering as well as inconvenience, emotional distress, and nervousness," and "interruption, interference, and impediments in engaging in her daily habits and pursuits, and has sustained a loss of life's pleasures" all "to her pecuniary detriment and loss." Pa. Compl. ¶¶ 10-12.

Complaint.  As noted above, Ms. Bailey filed the Connecticut complaint on or around November 2, 2005, and Defendants removed that complaint to federal court on November 30, 2005.  It is worth repeating that Ms. Bailey did not oppose removal in the Connecticut action.  It was not until early January 2006 that Ms. Bailey filed the Pennsylvania Complaint in state court in Northampton County, Pennsylvania.  If it is clear that a plaintiff may not, following removal of an action, "destroy federal jurisdiction by amending a complaint that initially satisfied the monetary floor," then, following the same logic, a plaintiff cannot defeat federal jurisdiction, following removal of one action, by filing a second complaint based on the same accident in another forum.  Angus, 989 F.2d at 145; see Red Cab, 303 U.S. at 293-94.

      Based on the litany of serious, permanent injuries that Ms. Bailey claims to have suffered, the surgeries and treatments that she claims to have undergone, and the allegedly permanent impairment of her ability to enjoy life's activities, given that Ms. Bailey has by virtue of the voluntary transfer and consolidation kept her Connecticut pleading "alive" and that pleading, unlike the Pennsylvania Complaint, does not "cap" the potential recovery, the Court finds that the amount in controversy requirement of $75,000 is met and diversity jurisdiction is appropriate.  In addition, the fact that Ms. Bailey did not object to the removal of the claim filed in Connecticut state court gives rise to an inference that Ms. Bailey agreed that her claim was worth

more than $75,000.[13] Accordingly, Ms. Bailey's second Motion to Remand will be denied.[14]

Finally, in September 2006, Defendants filed a Motion to Compel the Deposition of Plaintiff Ms. Bailey (Docket No. 11). The Court granted Defendants' Motion to Compel, and ordered that Ms. Bailey produce herself for a deposition on or before December 8, 2006, or face sanctions as the Court may impose. Two days prior to this deadline, Plaintiff filed a motion to extend the date by which Ms. Bailey would be deposed until the end of January 2007. On the same day, Defendants filed a Motion for Sanctions (Docket No. 15), and the next day, Defendants filed a motion opposing Ms. Bailey's request for an extension (Docket No. 16). Defendants argue that they have been attempting to depose Ms. Bailey since August 2006, and that counsel for Ms. Bailey did not respond to Defendants' requests to depose Ms. Bailey, cancelled a deposition that Defendants had noticed, and that Ms. Bailey had violated the Court's November 16, 2006 Order requiring her to appear for a deposition by December 8, 2006. Counsel for Ms. Bailey argued that she is elderly, suffers from various injuries as a result of the accident that gives rise to the action, and now lives in Arizona, and, accordingly, requires substantial notice before she can come to Pennsylvania for a deposition.

Following this flurry of motions, the Court held a telephone conference with counsel

---

[13] Of course, if after examining the pleadings from both the Pennsylvania and Connecticut actions, the Court had determined that the amount in controversy requirement was not met, the Court would be required to remand regardless of whether Ms. Bailey did not object to removal in the Connecticut action. See Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee, 456 U.S. 694, 702 (U.S. 1982) (noting that no action of the parties can confer subject-matter jurisdiction upon a federal court, and thus, the consent of the parties is irrelevant). As noted above, however, that is not the case here.

[14] Because it appears, however, that the damages Ms. Bailey seeks will not exceed $150,000, this matter will be referred to arbitration pursuant to Local Rule 53.2.

during which the Court instructed the parties to arrive at a mutually agreeable date on which Ms. Bailey could be deposed.  The Court received correspondence from counsel indicating that Plaintiff's deposition was scheduled to take place on Monday, January 29, 2006.  The Court has not received any subsequent correspondence from the parties notifying the Court that Ms. Bailey's deposition did not occur.  Thus, Plaintiff's Motion for Enlargement of Time is moot and Defendants' Motion for Sanctions will be denied.

S/Gene E.K. Pratter  
Gene E.K. Pratter  
United States District Judge

March 8, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARY LOU BAILEY**, | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| **J.B. HUNT TRANSPORT, INC. et al.**, | : | |
| Defendants | : | No. 06-240 |

**O R D E R**

**AND NOW**, this 8th day of March, 2007, upon consideration of the Plaintiff's Motion for Remand (Docket No. 10), the response thereto (Docket No. 12), Plaintiff's Motion for Enlargement of Time (Docket No. 14), the response thereto (Docket No. 16), and Defendants' Motion for Sanctions (Docket No. 15), it is **ORDERED** that:

1. Plaintiff's Motion for Remand (Docket No. 10) is **DENIED**.

2. This matter is referred to Arbitration. The Clerk is instructed to schedule the matter for a trial before an Arbitration Panel as soon as possible after June 1, 2007.

3. Plaintiff's Motion for Enlargement of Time (Docket No. 14) is **MOOT**.

4. Defendants' Motion for Sanctions (Docket No. 15) is **DENIED**.

BY THE COURT:

S/Gene E.K. Pratter
GENE E. K. PRATTER
UNITED STATES DISTRICT JUDGE